IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Tiffany Strand, | Civil Action No.: 1:13-cv-01235-RHB |
| Plaintiff, | |
| v. | |
| Corinthian Colleges, Inc., | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Tiffany Strand, by counsel, submits her Memorandum in Response to the Motion made by Defendant, Corinthian Colleges, Inc. ("Corinthian"), to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion").

In this action, Ms. Strand seeks relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (the "TCPA"), due to Corinthian's unlawful practice of calling her cellular telephone with an automated telephone dialing system ("ATDS") and prerecorded voice. Because the well pled allegations of her

1

First Amended Complaint ("amended complaint") set forth a plausible claim for relief, the Motion should be denied in all respects.

## ARGUMENT

### I. *TWOMBLY* AND THE LEGAL STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); Fed. R. Civ. P. 12(b)(6).

"Plausible" does not mean "pled with particularity," as the Supreme Court specifically noted:

> we do not apply any "heightened" pleading standard, nor do we seek to broaden the scope of Federal Rule of Civil Procedure 9, which can only be accomplished " 'by the process of amending the Federal Rules, and not by judicial interpretation.' "*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)).

*Twombly*, 550 U.S. at 569 n.14. Therefore, *Twombly* "do[es] not require heightened fact pleading of specifics," and notice pleading under Fed. R. Civ. P. 8 remains the rule. *Id*. at 570.

In comparison, under Rule 9(b), an action sounding in fraud must plead the time, place, and contents of the misrepresentations upon which the plaintiff relies.

*Kloss v. RBS Citizens, N.A.*, 2014 WL 495408, *5 (E.D. Mich., Feb. 6, 2014) (citing *Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir. 1984). Non-Rule 9 actions, such as TCPA claims, do not have such heightened requirements. *See Mashiri v. Ocwen Loan Servicing, LLC*, 2013 WL 5797584, *4 (S.D. Cal., Oct. 28, 2013) (particularity requirement not applicable to TCPA claim); *Robinson v. Midland Funding, LLC*, 2011 WL 1434919, *3 (S.D. Cal., Apr. 13, 2011) (same).

In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. *See L&W Associates Welfare Ben. Plan v. Estate of Wines*, 2014 WL 117349, *3 (E.D. Mich., Jan. 13, 2014); *see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Plaintiff need only plead sufficient facts to "nudg[e]" a claim "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. The amended complaint surpasses this standard.

## II. ELEMENTS OF A TCPA CLAIM

Ms. Strand alleges Corinthian violated the TCPA which makes it unlawful for any person "to make any call (other than a call made for emergency purposes or

3

made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

"[T]o plead a TCPA claim, Plaintiff needs only to allege two things: (1) that a cellular phone was called; (2) via an ATDS or prerecorded voice. *Mashiri v. Ocwen Loan Servicing, LLC*, 2013 WL 5797584, *5 (S.D. Cal., Oct. 28, 2013); *Robbins v. Coca-Cola-Co.*, 2013 WL 2252646, *2 (S.D. Cal., May 22, 2013); *see also Asher & Simons, P.A. v. j2 Global Canada, Inc.*, 2013 WL 4735702, *5 (D. Md., Aug. 28, 2013) *on reconsideration in part,* 2013 WL 5645354 (D. Md., Oct. 16, 2013) (considering elements of similar TCPA claim arising from unlawful facsimile transmission).[1]

A plaintiff is not required to state their cell phone number in a complaint. *See, e.g., Manfred v. Bennett Law, PLLC*, 2012 WL 6102071, at fn. 2 (S.D. Fla., Dec. 7, 2012). Further, the date and time of each unlawful call is *not* an element of

---

[1] Lack of "prior express consent of the called party" is not an element of Plaintiff's case in chief, rather "express consent" is an "affirmative defense for which the defendant bears the burden of proof." *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600, n.1 (9th Cir. 2011) (*citing* 23 F.C.C.R. 559, 565 (Jan. 4, 2008) ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent.")).

4

the claim nor is the claim required to be pled with such particularity. "[T]he language of the TCPA makes no reference to the time, content, sequence, or volume of calls or messages as a prerequisite to liability; rather, the wording of the statute is expansive and content neutral."*Robbins*, 2013 WL 2252646 at *2 (denying motion to dismiss where defendant asserted date/time of unlawful calls must be alleged); *see also Robinson v. Midland Funding, LLC*, 2011 WL 1434919, *3 (S.D. Cal., Apr. 13, 2011) ("notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every telephone call.") (internal quotation omitted).

### III. THE AMENDED COMPLAINT PLEADS TCPA VIOLATIONS

#### A. A Cellular Phone was Called

Ms. Strand alleges that, "[w]ithin the last four years, Corinthian contacted Plaintiff on her cellular telephone in an attempt to solicit services to Plaintiff." (Amended Complaint ¶ 7). Corinthian placed "ATDS calls to her [Plaintiff] cellular telephone for the purpose of solicitation." *Id*. ¶13. Thus, Ms. Strand's amended complaint satisfies the first element that a cellular phone was called.

B. <u>The Calls were Placed by an ATDS or Prerecorded Voice</u>

In her amended complaint, Ms. Strand alleges that when she " answered ATDS calls from Corinthian, a prerecorded message would begin to play … ." (Amended Complaint ¶ 9).  She also alleges that at other times, "on several occasions Plaintiff was connected to a live representative … upon answering, Plaintiff was met with a few seconds of silence before she was connected to a representative" (*Id.* ¶ 10).  Ms. Strand further alleges that "[i]t is Corinthian's habit and practice to solicit its services by placing calls to individuals who have not requested information from Corinthian and/or have not consented to receive such calls." *Id*. ¶ 14.  Corinthian seeks employees who have a "strong knowledge" of "predictive dialer[s]." *Id*. ¶ 16.  The FCC definition of an ATDS includes "predictive dialers" *Id*. ¶ 17; *see In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 12, 2008 WL 65485 (F.C.C.) (2008). Corinthian also has a job opening for a "Dialer Administrator" currently posted on its website. *Id*. ¶ 18.  The job description includes multiple references to Corinthian's dialing system. *Id.*

Thus, the complaint satisfies the second element that Ms. Strand was called with an ATDS or a prerecorded message in that the calls received by her utilized a

6

prerecorded message and it is Corinthian's practice to use a dialer. *Gragg v. Orange Cab Co., Inc.,* 2013 WL 195466, *2 n.3 (W.D. Wash., Jan.17, 2013) ("Plaintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized. Prior to the initiation of discovery, courts cannot expect more.").

### C. **There is No Requirement to Plead the Cell Phone Number or the Date and Time of the TCPA Violation**

Corinthian asks this Court to evaluate Ms. Strand's TCPA claim with a heightened "particularity" standard so that she must allege the "who, what, when, where, and how" and state the cell phone number and the exact date and time of each unlawful call. Said another way, Corinthian's position is that unless Ms. Strand has a documented record of each illegal call Corinthian's robodialer placed to her, the courthouse door is closed. This is not the law, and the Court should decline the invitation to place TCPA claims alongside claims for fraud.

As set forth above, there is no requirement to plead the date and time of the TCPA violations nor to recite the plaintiff's cell phone number. Corinthian does

not explain why such information would be required to set forth a claim for relief. Indeed, just as the defendant in *Robbins v. Coco-Cola*, "Defendant does not challenge the intelligibility of the complaint, but rather requests further detail plainly obtainable through discovery, such as the time and content of the alleged text messages." 2013 WL 2252646 at *4. Here, the *number* -- not date and time -- of unlawful calls will determine the damages award, not liability, and such number will be determined in discovery. Corinthian insists that absent specific allegations of the date and time, the claim "moving target that *Iqbal* and *Twombly* prohibit" (Doc. No. 9 at 6). This is not the case here. Corinthian is on ample notice of Ms. Strand's claims and is free to deny that 1) it used an ATDS or prerecorded message or deny 2) that it called her cellular phone. It is entirely unclear how the date and time of each violation would present a moving target or affect Corinthian's defenses.

Moreover, it would be illogical to require a plaintiff to plead the date and time of each unlawful call. TCPA liability extends to all calls *made* in violation of the Act, whether or not they connect or are answered. *Castro v. Green Tree Servicing LLC*, 2013 WL 4105196, *18 (S.D.N.Y., Aug. 14, 2013) ("the TCPA clearly restricts the *making* of any call using an automatic telephone dialing system

to a cellular phone, and does not distinguish between calls that are picked up and calls that go to voicemail."). From the undersigned counsel's experience, consumers can access very limited data on calls they received without a subpoena. Even with a subpoena, phone companies generally only log and provide proof of *connected* calls (where someone picks up or a message is left) and do not provide proof of all calls placed to the terminating number. The best evidence of the calls Corinthian made will be in its records and its phone company's records, both of which are unavailable to Ms. Strand at the pleading stage.

Finally, the cases Corinthian cites in support of this extra requirement are not persuasive. *Abbas v. Selling Source, LLC*, 2009 WL 4884471 (N.D. Ill., Dec. 14, 2009) has been rejected by subsequent courts, including one in its own District, because federal notice pleading standards do not require the date and time of each unlawful call. *See Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010) (rejecting *Abbas* and holding "notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every" unlawful communication); *see also Strickler v. Bijora, Inc.*, 2012 WL 5386089, *2 (N.D. Ill., Oct. 30, 2012) (same). *Clayton v. Aaron's Inc.* fairs even worse, as it does not address the issue in any respect. *Clayton* concerned whether

9

or not the plaintiff plausibly pled use of an ATDS and not whether the date and time of calls were required. 2013 WL 3148174, *3 (E.D. Va., June 19, 2013) ("Plaintiff fails to allege any facts regarding the general content, number, timing, or phone number from which any of the alleged messages were sent that show that it is plausible that Defendant used autodialing"). Corinthian's citation to, and partial excerpt of, *Clayton* is simply misleading. (Doc. No. 9 at 8).

Because Ms. Strand's amended complaint sets forth a plausible claim for relief and puts Corinthian on notice of her claims, the motion to dismiss should be denied.

## IV. Rule 11 Does Not Require Plaintiff's Counsel to Know the Specific Time and Date of Each Alleged Violation

Corinthian asserts that "modern technology affords would-be litigants easy access to their cellular telephone records that provide the exact time and date for each incoming call" thus such information should be acquired by Plaintiff's counsel and pled in a complaint. (Dkt. #9 at p. 6).

First, this makes no sense. Even if Rule 11 had such a requirement (it does not), that does not relate to pleading sufficiency under Rule 12(b)(6) – a plaintiff is not required to plead every fact under the sun in the complaint.

Second, Corinthian offers no proof for its assertion that such information is easily accessible. As stated, this information is not easily accessible or available from consumer's phone companies and the best evidence of the calls "made" by the Defendant will come from Corinthian's robodialer.

Third, if Corinthian wishes to raise Rule 11 issues, it is free to serve and then file its own Rule 11 motion (which would itself be subject to Rule 11). Raising the specter of sanctionable conduct, without any adequate basis, does no more than muddy the waters, distract from the real issues and wastes this Court's time.

## **CONCLUSION**

For the foregoing reasons, Plaintiff, Tiffany Strand, by counsel, respectfully requests that the Court deny Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, and award all other appropriate relief.

Dated: February 11, 2014

Respectfully submitted,

By: *Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, Connecticut 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of February, 2014, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF which will notify all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: /s/ Sergei Lemberg<br>
Sergei Lemberg, Esq.