UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY STRAND,

        Plaintiff,

                                    File No. 1:13-CV-1235

v.

                                      HON. ROBERT HOLMES BELL

CORINTHIAN COLLEGES, INC.,

        Defendant.

_____/

**OPINION**

        This is a consumer protection matter file pursuant to the Telephone Consumer Protection Act

(TCPA), 47 U.S.C. § 227. The matter is presently before the Court on Defendant's motion to dismiss

for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 9). Defendant filed this

motion after Plaintiff amended her complaint (Dkt. No. 7). Plaintiff has now filed a response (Dkt.

No. No. 10) to which Defendant has replied (Dkt. No. 12). Plaintiff has also filed two unpublished

district court cases as supplemental authority (Dkt. Nos. 11, 13).

        The issue before the Court is whether, under the pleading standards of Rule 8, *Iqbal*, and

*Twombly*, a plaintiff in a TCPA action must plead her cellular telephone number to state a plausible

claim for relief. The Court holds that such a pleading is required, and therefore will grant

Defendant's motion.

**I.**

        This case arises from Defendant's alleged contacts with Plaintiff over the last four years.

(Am. Compl., Dkt. No. 7 ¶ 7.) Plaintiff alleges that when she would answer the phone she would

hear pre-recorded messages or be connected to a live representative after several seconds of silence.

(*Id.* ¶¶ 9, 10.) The calls offered Plaintiff the opportunity to enroll in classes at Defendant's school. (*Id.* ¶ 9.) Plaintiff informed a live representative in October 2013 that she was not interested in Defendant's services and that she did not want to receive automated calls anymore. (*Id.* ¶ 11.) Plaintiff alleges that Defendant continued to contact her. (*Id.* ¶¶ 12, 13.) Plaintiff claims all of these calls were made to her cellular telephone, the number to which she does not provide. (*Id.* ¶ 8.)

Plaintiff filed the present lawsuit on November 11, 2013. Defendant filed its first motion to dismiss on December 11, 2013 (Dkt. No. 5). Plaintiff responded (Dkt. No. 8) but also filed an amended complaint (Dkt. No. 7) on January 2, 2014. Defendant then filed the present motion to dismiss, arguing that Plaintiff's amended complaint continues to fail to state a claim upon which relief can be granted because the complaint fails to give Defendant fair notice of "what the claim is and the grounds upon which it rests." (Def.'s Mot., Dkt. No. 9 at 2.)

## II.

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint need not contain detailed factual allegations, but it must include more than

labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 678. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1583 (2012) (quoting *Iqbal*, 556 U.S. at 677). Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The present case is brought under the TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), which provides, in the pertinent part:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service.

The Sixth Circuit has not specifically crafted elements of a § 227(b)(1) violation involving a cellular telephone. However, in interpreting a statute such as this, the Court must begin with the text of the statute itself, and if the language is plain, the Court must give the language effect and end its

3

analysis. *See Ashland Hosp. Corp. v. Serv. Employees Int'l Union*,  708 F.3d 737, 741 (6th Cir. 2013) (internal citations omitted). Here, given the clear text of the statute, the Court can determine that a defendant is liable for a violation of § 227(b)(1) when it:

> (1) makes a call;

> (2) using (a) an automatic dialing system, or (b) a prerecorded or artificial voice;

> (3) to a telephone number assigned to a cellular telephone.

### III.

Defendant argues that proper application of the *Iqbal/Twombly* pleading standard requires Plaintiff to plead "a minimum: (1) the telephone number that serves as the basis for the First Amended Complaint; and (2) the time and date of each purported violation." (Def.'s Br., Dkt. No. No. 9 at 3.) Defendant argues that "[w]hen faced with an alleged violation fo the TCPA, a defendant should be provided with sufficient information to make an internal determination of whether a violation has occurred." (*Id.* at 4.) Defendant argues that if a plaintiff is not required to provide her cellular telephone number and the times and dates the alleged violations occurred, a defendant cannot reasonably determine if a violation occurred. (*Id.* at 5–6.) Defendant asserts that to impose a more lenient pleading standard would allow plaintiffs in TCPA cases to extort settlements from defendants by imposing asymmetric discovery costs on them, contrary to the policy aims of *Iqbal* and *Twombly*. (*Id.* at 3.) Defendant's argument, at its core, is that without the telephone number and the time and date of the calls, it is not on sufficient notice of the grounds on which Plaintiff's claim lies.

Plaintiff counters that Defendant "is on ample notice of [Plaintiff's] claims and is free to deny that 1) it used an ATDS [automatic telephone dialing system] or deny 2) that it called her cellular

phone." (Pl.'s Resp., Dkt. No. 10 at 8.) Plaintiff characterizes Defendant's argument as requiring a "particularity" standard akin to the standard imposed on fraud pleadings under Fed. R. Civ. P. 9(b). (*Id.* at 2–3, 7.) Plaintiff cites some ten unpublished district court cases from around the country (although none from the Sixth Circuit) for the proposition that she need not plead specifically the date and time of each allegedly unlawful telephone call. The Court need not evaluate the persuasiveness of these decisions, as the present motion can be decided on the basis of Plaintiff's failure to plead the cellular telephone number she alleges was called in violation of § 227(b)(1).

Plaintiff cites one case for the proposition that Rule 8 and the cases governing its application do not require her to plead the cellular telephone number Defendant allegedly called, *Manfred v. Bennett Law, PLLC*, No. 12–CV–61548, 2012 WL 6102071 (S.D. Fla. Dec. 7, 2012). (Pl.'s Resp., Dkt. No. 10 at 4.) The relevant statement in *Manfred* occurs in a footnote, where the court states:

> Contrary to Bennett Law's contention, Plaintiff need not allege his specific cellular telephone number. The statute simply states that the call must be made to "any telephone number assigned to a ... cellular telephone service." Bennett Law has provided no authority to support its position that Plaintiff's complaint must disclose Plaintiff's cell phone number.

*Manfred*, 2012 WL 6102071, at *2 n.2. Likewise here, Defendant has not cited a *specific* authority on point that *requires* a plaintiff to plead her cellular telephone number. Nonetheless, the Court is convinced that proper application of Fed. R. Civ. P. 8, as applied in light of *Iqbal* and *Twombly*, supports such a requirement in TCPA cases.

Specifically, a plaintiff is required to plead facts that make a defendant's liability plausible. This means going beyond factual allegations that are merely consistent with a defendant's liability. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Here, Plaintiff's complaint alleges that Defendant made calls to her cellular telephone and that such calls were made, to her knowledge,

from an ATDS. Plaintiff also alleges numerous facts to bolster her contention that Defendant utilizes ATDS technology, arguably rasing that contention beyond the speculative level. (*See* Am. Compl., Dkt. No. 7 ¶¶ 14–23.) However, the bare assertions in the complaint that the calls were placed to Plaintiff's "cellular telephone," (*id.* ¶¶ 7, 8), are merely consistent with Defendant's liability, but do not serve to put Defendant on notice of the grounds on which Plaintiff's claim lies.

The plain language of the statute refers to calls placed to a "telephone *number* assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). A plain reading of the statute then, shows that to prove her case a plaintiff must prove that a defendant called a specific telephone number and that the telephone number was assigned to a cellular telephone service. Notice pleading, therefore, under *Twombly* and *Iqbal*, necessarily requires that a plaintiff plead the telephone number in question to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.  Otherwise, as Defendant argues, "[w]ithout the telephone number, TCPA defendants are forced to make educated guesses as to which telephone number belongs to a newly filed plaintiff." (Def.'s Mot., Dkt. No. 9 at 5.)

Plaintiff's "supplemental authority" (Dkt. Nos. 11, 13) does not alter this Court's conclusion. Plaintiff avers that each of these cases feature the same defendant (who is the defendant in the present case), and that Plaintiff's counsel represents the plaintiffs in these "supplemental" cases. In each of these cases, the defendants moved to dismiss for failure to state a claim based on the fact the plaintiffs had not pled the specific date and time of each allegedly unlawful call. Each court held that such a pleading was not necessary. Neither court, however, addressed whether pleading the telephone number allegedly called was necessary in a TCPA claim. In fact, in the case from the Eastern District of Michigan (Dkt. No. 13), the plaintiff specifically pled her cellular telephone number. Therefore,

6

the Court's conclusion that a TCPA plaintiff must plead the telephone number assigned to a cellular telephone service that was allegedly called in order to state a claim upon which relief can be granted is unaltered.

Aside from a single reference to *Manfred v. Bennett Law, PLLC*, Plaintiff's only other justification for omitting her telephone number is "privacy reasons." (Am. Compl., Dkt. No. No. 7 at 2 n.1.) However, if Plaintiff is concerned about the privacy of her telephone number, she can easily file it as an attachment under seal.

Defendant also makes oblique reference to Plaintiff's counsel's duty under Rule 11(b) to make "reasonable inquiry" in to the factual basis of Plaintiff's complaint. (Def.'s Mot., Dkt. No. 9 at 6–7.) Defendant argues that Plaintiff's counsel had a duty to make a "minimal factual inquiry" to determine if Plaintiff's claims have merit, and that failure to do so would open counsel to sanctions. (*Id.*) Plaintiff responds that Rule 11 is irrelevant to a Rule 12(b)(6) inquiry and that Defendant can bring a separate motion for sanctions if it feels that doing so is appropriate. (Pl.'s Resp., Dkt. No. 10 at 10–11.) This Court agrees, and will consider Rule 11 when and if a party brings a motion under the same.

### III.

For the foregoing reasons, the Court concludes that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted. Defendant's motion requests that the Court either

dismiss the complaint entirely or order Plaintiff to file a Second Amended Complaint that includes her cellular telephone number. The Court concludes the second course is more equitable and will be a more efficient use of the parties' resources.

The Court will enter an Order consistent with this Opinion

Dated: <u>April 17, 2014</u>                    <u>/s/ Robert Holmes Bell</u>
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE

8